# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES KENNETH JACKSON,

            **Plaintiff,**

            v.                                                                Case No. 18-CV-1641

JIM KREUSER, et al.

            **Defendants.**

## ORDER AND RECOMMENDATION

Currently pending before the court is plaintiff James Kenneth Jackson's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Jackson's request, the court concludes that Jackson lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Jackson's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) will be granted.

However, that determination is only half of the court's inquiry. Because the court is granting Jackson's Request to Proceed in District Court without Prepaying the Filing Fee, the court must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic,"

"delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Jackson's complaint. Jackson states that he is a severely disabled person. He alleges that Kenosha County officials have "knowingly tak[en] advantage of a mentally diminished person, who [has paid] the county nearly $80,000.00 in property taxes over the previous eighteen years[.]" (ECF No. 5-6.) He further alleges that Kenosha County officials have intimidated and threatened him, "including a direct threat placed on [his] life." (ECF No. 5.) He also seems to allege that the County has unlawfully denied his repeated requests for a waiver or forgiveness of the predatory interest and penalties owed on his back taxes, while it has granted 120 million dollars in property tax exemptions to the owner of the Amazon Corporation, Jeff Bezos. (ECF No. 6.)

Jackson has brought this action pursuant to 42 U.S.C. § 1983, but he does not sufficiently allege the deprivation of any rights, privileges, or immunities secured by the Constitution or federal laws. *See* 42 U.S.C. § 1983. Jackson's belief that he is being treated

unfairly does not amount to a plausible federal cause of action. The court will therefore recommend that Jackson's complaint be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Jackson's complaint and this action be **dismissed for failure to state a claim**.

Dated at Milwaukee, Wisconsin this 23rd day of October, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge